UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff-Respondent, | § |
| | § |
| V. | § CRIMINAL ACTION NO. H-06-083 |
| | § CIVIL ACTION  NO. H-07-3075 |
| LUIS FERNANDO JUAREZ, | § |
| | § |
| Defendant-Movant. | § |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is the Government's Answer, Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Document No. 39) and Movant Luis Fernando Juarez's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 34).  Having considered Juarez's Motion to Vacate, Set Aside or Correct Sentence, the Government's Answer, Motion to Dismiss, and Motion for Summary Judgment, the record of the proceedings before the District Court in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss and alternative Motion for Summary Judgment be DENIED, and that Juarez be afforded an evidentiary hearing on two claims: (1) that the underlying order of deportation is invalid because he attained United States citizenship through his naturalized mother; and (2) that his trial counsel was ineffective for failing to investigate and assert his derivative United States citizenship as a defense to the charges.

## I.     Procedural History

Movant Luis Fernando Juarez ("Juarez"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255.  This is Juarez's first motion pursuant to § 2255.

On March 15, 2006, Juarez was charged by Indictment with making a false representation of United States citizenship in violation of 18 U.S.C. § 911, and illegal reentry into the United States following deportation, in violation of 18 U.S.C. § 1326(a) and (b)(2).  (Document No. 1).  On May 12, 2006, Juarez pled guilty to both counts without a plea agreement.  (Document No. 20). Thereafter, on September 15, 2006, following the preparation of a presentence investigation report ("PSR"), to which Juarez filed Objections (Document No. 25), the District Court sentenced Juarez to 36 months confinement on count one, to be followed by a 1 year term of supervised release, and 42 months confinement on count two, to be followed by a three year term of supervised release, with the terms of confinement and supervised release to run concurrent. (Document No. 29).  A Judgment of Conviction was entered on September 20, 2006.  (Document No. 31).

Juarez did not appeal.  Instead, within one year of the Judgment of Conviction being entered, Juarez filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 34).  The Government, in response, has filed an Answer, Motion to Dismiss, or in the alternative Motion for Summary Judgment. (Document No. 39).

**II.    Claims**

Juarez raises five inter-related claims in his § 2255 Motion to Vacate, Set Aside or Correct Sentence:

1. that his illegal re-entry conviction is based on an invalid order of deportation;

2. that his trial counsel was ineffective in investigating the possible defenses to the charges;

3. that his sentence exceeds the maximum allowed by law;

4. that his sentence was improperly enhanced under § 2L1.2(b)(1)(B) of the sentencing guidelines; and

5. that his sentence, which was based on factors not admitted by him or found by a jury beyond a reasonable doubt, runs afoul of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005).

Juarez also asserts, in the event any of the foregoing claims are subject to a procedural default based on his failure to raise them on direct appeal, that his counsel's failure to file an appeal and raise the issues on appeal suffices as "cause" to overcome any such procedural default.

**III.    Discussion**

In his first claim, Juarez maintains that the order of deportation, upon which the illegal re-entry charged was based, was invalid because he was, or was eligible to become, a United States citizen.  Juarez maintains that he was eligible for automatic citizenship based on the fact that his mother became a naturalized citizen when he was under the age of 18, and while he was under her care.  In his second claim, Juarez alleges that his counsel was ineffective for failing to investigate his citizenship as a defense to the charge.  According to Juarez, because he was automatically eligible for United States citizenship by virtue of his mother's naturalization, counsel should have challenged the

offense charging him with misrepresenting his citizenship, should have challenged the prior order of deportation as being invalid, and should have challenged the illegal re-entry charge. Juarez alleges as follows:

> . . . . Would had [sic] counsel investigate Movant's immigration records, would had [sic] discovered that Movant is/was entitled to acquire a certificate of citizenship of the U.S. on virtued [sic] of his mother naturalization when Movant was under the age of 18, and residing in the tutorial of his mother's care. As evidence, Movant is submitting a copy of his application for said Certificate of Citizenship filed to the immigration with argument and legal authority supporting his claim. Attached as **Exhibit No. 1.**
>
> Therefore, would had [sic] counsel investigate the facts and records within the INS pertained to Movant, he would had [sic] show to this court that Movant was indeed a Citizen of the United States; that the prior deportation was unconstitutional and therefore, could not be use [sic] by this court as the predicate prior deportation supporting the main element of count 2, and that he was indeed a citizen of the United States when he allegedly falsely represented himself as a U.S. citizen. Therefore, he plead guilty to an offense that he could not legally be charged with, and because the lack of counsel's investigation, counsel allowed him to involuntarily and unknowingly entered [sic] into the plea. Movant further submit that he is also filing a motion to invalidate the prior deportation order to the Board of Appeal for the Immigration.

Document No. 35 at 3-4. Both of these claims are premised on Juarez' assertion that he automatically became a United States citizen upon his mother's naturalization, as provided for in 8 U.S.C. § 1432(a):

> (a) A child born outside of the United States of alien parents, or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, *becomes* a citizen of the United States upon fulfillment of the following conditions:
>
>> (1) The naturalization of both parents; or
>>
>> (2) The naturalization of the surviving parent if one of the parents is deceased; or
>>
>> (3) The naturalization of the parent having legal custody of the child where there has been a legal separation of the parents or the naturalization of the

4

>mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if
>
>(4) Such naturalization takes place while such child is under the age of eighteen years; and
>
>(5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

(emphasis added).

Here, Juarez has provided evidence in this § 2255 proceeding that his mother became a naturalized United States citizen on June 18, 1999. Juarez, who was born in Mexico on February 28, 1983, was sixteen years old at the time at the time of his mother's naturalization. Juarez' father was killed in Mexico in 1988.

From this evidence it appears that Juarez met all the requirements for citizenship under § 1432(a)(2). The Government does not directly address Juarez' claim of derivative citizenship through his mother, but does argue that Juarez' claims should be dismissed because he admitted at his Rearraignment that he was a citizen of Mexico, and there is no evidence that he made any application to adjust his status based on his mother's naturalization.

A criminal defendant, who is convicted of illegal reentry under 8 U.S.C. § 1326, can only challenge the validity of a prior deportation order if he can establish that: " 1) the prior hearing was "fundamentally unfair;" 2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the order; and 3) the procedural deficiencies caused the alien actual prejudice." *United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003). In this case, Juarez has made no such showing and, indeed, makes no procedural or due process challenge to the

validity of the deportation order. Instead, Juarez' sole claim is that the prior deportation order is invalid because he was not an alien subject to deportation.

While citizenship issues are generally to be resolved by the Courts of Appeal, *see* 8 U.S.C. § 1252(a)(5), (b)(5); *Omolo v. Gonzales,* 452 F.3d 404, 406 (5th Cir. 2006), some courts have entertained challenges to a defendant's conviction for illegal reentry under 8 U.S.C. § 1326, when there are real concerns as to whether the defendant is a United States citizen. *See e.g., Perez v. United States*, 502 F.Supp.2sd 301, 305-06 (N.D.N.Y. 2006) (granting § 2255 motion filed by defendant who pled guilty to the offense of illegal reentry under 8 U.S.C. § 1326, but who later discovered that he had attained derivative citizenship based on his mother's naturalization); *United States v. Ramirez-Garcia*, 2001 WL 561603 *3 (W.D. Tex. 2001) (allowing a defendant in a § 1326 illegal reentry case to withdraw his guilty plea in order to assert a derivative citizenship challenge to the Government's evidence of his alien status).[1] In addition, where the defendant claims that his counsel was ineffective vis-a-vis the citizenship issue, such ineffectiveness claims can be considered in a § 2255 proceeding even though a resolution of such claims may involve questions about the defendant's citizenship. *See United States v. Garcia-Mancha*, 2001 WL 282769 (N.D. Tex. 2001) (reasoning that trial counsel's failure to investigate the defendant's alleged derivative citizenship as a defense to a charge of illegal reentry under § 1326 could support habeas relief on a claim of ineffective assistance of counsel); *see also Jimenez v. United States*, 2008 WL 2607262 (11th Cir.

---

[1] In *Ramirez-Garcia*, 2001 WL 561603 at *3, the Court distinguished the defendant's challenge from a collateral challenge to the validity of a deportation order as follows: " the fact that a defendant cannot collaterally attack a deportation proceeding is a distinct issue from whether the defendant should be allowed to put on evidence of citizenship to rebut the alienage element of the crime. It is the Court's opinion that a derivative citizenship claim may be raised to rebut the alienage element."

2008) (addressing, after granting a certificate of appealability, the defendant's claim that his counsel was ineffective "for failing to investigate and advise him of a possible defense to the unlawful re-entry charge against him: that he might have been a United States citizen because his biological parents may have been married under Texas common law.")

Here, Juarez's submissions raise real concerns as to Juarez's citizenship. While Juarez did admit at his Rearraignment that he was a citizen of Mexico, such an admission does not constitute irrefutable proof of his citizenship. Instead, such an admission can be discounted or disregarded because it is not unreasonable for a defendant "once he [has] been deported, to assume that he [is] not a United States citizen." *Perez*, 502 F.Supp. at 305-06. In addition, given the absence of any proof in the record as to what counsel knew, should have known, or could have discovered about Juarez's citizenship status and the applicability, if any, of 8 U.S.C. § 1432, neither dismissal nor summary judgment is available to the Government on Juarez's first and second claims.

### IV.  Conclusion and Recommendation

Based on the foregoing and the conclusion that the Government has not shown that dismissal or summary judgment is warranted on the first two of Juarez's claims, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss and alternative Motion for Summary Judgment (Document No. 39) be DENIED, and that Juarez be appointed counsel and afforded an evidentiary hearing on his claims that: (1) the underlying order of deportation is invalid because he attained United States citizenship through his naturalized mother; and (2) his trial counsel was ineffective for failing to investigate and assert his derivative United States citizenship as a defense

to the charges. That evidentiary hearing should be held without prejudice to the Government's ability to challenge the Court's jurisdiction over Juarez's claims.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 20th day of October, 2008.

Frances H. Stacy
United States Magistrate Judge